STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

KATHRYN D. McGOWAN :
:
VS. : C.A. NO.: PC08-2209
:
THE NORTHWESTERN MUTUAL LIFE :
INSURANCE COMPANY; JOHN DOE, :
ALIAS, DOE CORPORATION, ALIAS :

## COMPLAINT

1. Plaintiff, Kathryn D. McGowan, is a resident of the County of Providence, State of Rhode Island.

2. Defendant, Northwestern Mutual Life Insurance Company (hereinafter "Northwestern Mutual") is a corporation with its principal place of business in the County of Milwaukee, State of Wisconsin

3. Defendant, Northwestern Mutual, is, and at all times herein mentioned, was, a corporation duly authorized to do business in the State of Rhode Island.

4. Defendant, Northwestern Mutual, issued to plaintiff, Kathryn D. McGowan, a "Disability Income Loss of Earnings Policy" of insurance on or about July 11, 1996 with a policy number of: D1 192 716.

5. Defendant, Northwestern Mutual, also issued to plaintiff, Kathryn D. McGowan, a "Disability Income Policy" of insurance on or about July 11, 1996 with a policy number of D1 192 711.

6. Plaintiff, Kathryn D. McGowan, did become disabled while the policy was in effect.

7. As a result of her disability, Kathryn D. McGowan is, and continues to be, unable to perform any of the principal duties of her regular occupation.

8. As a result of her disability, McGowan is no longer receiving compensation in relation to her employment at her regular occupation.

Blumberg No. 5119
EXHIBIT
A

## COUNT I

## BREACH OF CONTRACT

9. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1-8.

10. Kathryn D. McGowan has fully complied with all the terms and conditions of each of the policies.

11. Despite the full compliance by Kathryn D. McGowan, of all terms and conditions of said policies, Northwestern Mutual has refused to pay the full amount of benefits owed pursuant to the policies.

12. Northwestern Mutual's refusal to pay Kathryn D. McGowan the full amount of insurance coverage to which she is entitled for her ongoing disability is a breach of contract by Northwestern Mutual of the "Disability Income Loss of Earnings Policy" of insurance with a policy number of: D1 192 716.

13. Northwestern Mutual's refusal to pay Kathryn D. McGowan the full amount of insurance coverage to which she is entitled for her ongoing disability is a breach of contract by Northwestern Mutual of the "Disability Income Policy" of insurance on or about July 11, 1996 with a policy number of D1 192 711.

14. None of the Exclusions or Limitations of coverage are applicable in the present case.

15. By reason of Defendant's breach, the plaintiff has suffered damages sufficient to meet the threshold for federal diversity jurisdiction.

WHEREFORE, the plaintiff demands judgment against the defendants plus interest, costs, attorneys' fees, and such other and further relief as to this Court deems just and proper.

## COUNT II

## ESTOPPEL

16. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1-15 above.

17. Kathryn D. McGowan provided Northwestern Mutual with all information required relative to the extent and nature of her disability, as it has been requested by Northwestern Mutual.

18. Northwestern Mutual has complied with the instructions and requests of Northwestern Mutual and the policy and has reasonably accepted and not challenged the authenticity or validity of any of the numerous medical reports, charts, notes, bills, and/or statements documenting Kathryn D. McGowan's ongoing disability.

19. Kathryn D. McGowan has relied upon the conduct of Northwestern Mutual and Northwestern Mutual should be estopped from now denying coverage to her under her policies of insurance.

**WHEREFORE**, Kathryn D. McGowan prays this Court estop Northwestern Mutual from refusing to pay Kathryn D. McGowan, pursuant to her claims for benefits under her policies.

## COUNT III

## WAIVER

20. Plaintiff incorporates by reference all the allegations set forth in paragraphs 1 - 19 above.

21. Northwestern Mutual, directly or indirectly, represented to Kathryn D. McGowan that her claims for benefits would be honored if she complied with all the terms and conditions of her policies.

22. As a direct and proximate result of the assurances made by Northwestern Mutual through its representatives Kathryn D. McGowan took affirmative steps to fully comply with all terms and conditions of her policies for disability insurance.

23. Despite Kathryn D. McGowan's reliance on Northwestern Mutual's representations and compliance with all terms and conditions of her policies, Northwestern Mutual continues its refusal to make payments due Kathryn D. McGowan pursuant to her policies.

24. By assuring Kathryn D. McGowan that her compliance with the terms and conditions of her policy would result in a timely decision as to her claims for benefits, Northwestern Mutual has waived its right to refuse to honor Kathryn D. McGowan's claims for benefits, or, in the alternative, to deny her claims and specify the reason for denial so that Kathryn D. McGowan can effectively litigate her claims for benefits.

WHEREFORE, plaintiff prays this court enter judgment against Northwestern Mutual holding that Northwestern Mutual waived its right to continue to refusal to make timely payments to Kathryn D. McGowan pursuant to her policies.

COUNT IV

BAD FAITH

25. Plaintiff incorporates by reference all the allegations set forth in paragraphs 1 - 24 above.

26. Northwestern Mutual's continues its failure to honor Kathryn D. McGowan's claims for benefits pursuant to her policies of insurance.

27. Northwestern Mutual's failure to timely perform its obligations pursuant to Kathryn McGowan's policies of insurance constitutes bad faith.

WHEREFORE, plaintiff demands judgment against Northwestern Mutual and prays this court award compensatory damages as well as punitive damages and reasonable attorneys fees pursuant to R.I.G.L. §9-1-33 and R.I.G.L §9-1-45 as there is no justiciable issue in the present case. Plaintiff also seeks interest and costs.

Plaintiff hereby demands a trial by jury.

Plaintiff, Kathryn D. McGowan,
By Her attorneys,

Rajaram Suryanarayan (#4451)
Thomas J. Cronin (#5302)
GUNNING & LAFAZIA, INC.
56 Pine Street
Providence, RI 02903
Telephone: (401)521-6900
Facsimile: (401)521-6901
Direct Dial: (401)521-2647