DPW:fa 08-153 4/16/08

**UNITED STATES DISTRICT COURT**

**FOR THE**

**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| KATHRYN D. McGOWAN | : | CA 08 141 T |
| | : | |
| v. | : | No. |
| | : | (Providence County Superior Court |
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY; JOHN DOE, ALIAS, DOE CORPORATION, ALIAS | : | C.A. No. PC 08-2207) |

**ANSWER OF DEFENDANT, THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY**

**First Defense**

Plaintiff's claim is barred by her failure to comply with all the terms and conditions of the disability income policies issued by The Northwestern Mutual Life Insurance Company to plaintiff.

**Second Defense**

Plaintiff's claim is barred in that she is not disabled under the definitions for "total disability" set forth in the disability income policies issued by The Northwestern Mutual Life Insurance Company to plaintiff.

## Third Defense

Plaintiff's claim is barred by her failure to bring suit against The Northwestern Mutual Life Insurance Company within three (3) years after written of proof was required to be given, or under any extensions of such deadline as agreed to by The Northwestern Mutual Life Insurance Company under the disability income policies issued by The Northwestern Mutual Life Insurance Company to plaintiff.

## Fourth Defense

Plaintiff has failed to state any claim for estoppel, so-called, against The Northwestern Mutual Life Insurance Company.

## Fifth Defense

Plaintiff has failed to state any claim for waiver, so-called, against The Northwestern Mutual Life Insurance Company.

## Sixth Defense

Plaintiff has failed to state any claim for bad faith against The Northwestern Mutual Life Insurance Company.

**Seventh Defense**

Plaintiff has failed to state any claim against The Northwestern Mutual Life Insurance Company under R.I.G.L. §9-1-45 upon which relief can be granted.

**Eighth Defense**

1. Admitted.

2. Admitted although the actual corporate name of defendant is "The Northwestern Mutual Life Insurance Company."

3. Admitted.

4. The Northwestern Mutual Life Insurance Company admits that it issued to plaintiff a "Disability Income Loss of Earnings Policy", number D1 192 716, bearing a July 11, 1996 date of issue.

5. The Northwestern Mutual Life Insurance Company admits that it issued to plaintiff a "Disability Income Policy", number D1 192 711, bearing a July 11, 1996 date of issue.

6. The Northwestern Mutual Life Insurance Company admits that plaintiff became disabled for a limited period for which The Northwestern Mutual Life Insurance Company paid benefits.

7. Denied.

8. The Northwestern Mutual Life Insurance Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**COUNT I**

**Breach of Contract**

9. The Northwestern Mutual Life Insurance Company makes the same response to the incorporation by reference of all the allegations set forth in paragraph one through eight in this paragraph as it made to the original allegations.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. The Northwestern Mutual Life Insurance Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

15. Denied.

**COUNT II**

**Estoppel**

16. The Northwestern Mutual Life Insurance Company makes the same response to the incorporation by reference of the allegations set forth in paragraphs one through 15 above in this paragraph as it made to the original allegations.

17. Denied.

18. The Northwestern Mutual Life Insurance Company denies the allegations set forth in this paragraph as the same are unintelligible.

19. Denied.

## COUNT III

### Waiver

20. The Northwestern Mutual Life Insurance Company makes the same response to the incorporation by reference of allegations set forth in paragraphs one through 19 in this paragraph as defendant made to the original allegations.

21. The Northwestern Mutual Life Insurance Company admits that it advised the plaintiff that it would pay benefits in accordance with the provisions of the referenced policies.

22. The Northwestern Mutual Life Insurance Company is without knowledge or information sufficient to form a belief as to the truth of the plaintiff's incentive as to her conduct, but notes that plaintiff is required to fully comply with all terms and conditions of said referenced policies.

23. Denied.

24. Denied.

## COUNT IV

### Bad Faith

25. The Northwestern Mutual Life Insurance Company makes the same response to the incorporation by reference of the allegations set forth in paragraphs one through 24 in this paragraph as it made to the original allegations.

26. Denied.

27. Denied.

Defendant,

The Northwestern Mutual Life Insurance Company

By its Attorneys,

HANSON CURRAN LLP

David P. Whitman, Esq. #0552
146 Westminster Street
Providence, Rhode Island 02902-2203
(401) 421-2154 Telephone
(401) 521-7040 Facsimile

***Defendant, The Northwestern Mutual Life Insurance Company, hereby claims a trial by jury and designates David P. Whitman as trial attorney.***

**PROOF OF SERVICE**

I hereby certify that on this 18th day of April, 2008, I served a copy of the foregoing *Answer* upon the following:

Rajaram Suryanarayan, Esq.
Thomas J. Cronin, Esq.
GUNNING & LAFAZIA, INC.
56 Pine Street
Providence, RI 02903

of HANSON CURRAN LLP